928 F.2d 1133
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Ponder R. FANNIN, Defendant-Appellee.
 No. 90-5809.
 United States Court of Appeals, Sixth Circuit.
 March 26, 1991.
 
 On Appeal from the United States District Court for the Eastern District of Kentucky, 89-00002, Siler, Jr., C.J.
 E.D.Ky.
 AFFIRMED.
 Before DAVID A. NELSON and SUHRHEINRICH, Circuit Judges, and HACKETT, District Judge.*
 PER CURIAM.
 
 
 1
 This is an appeal by the defendant, Ponder R. Fannin, from a mail fraud conviction under 18 U.S.C. Sec. 1341. For the reasons discussed below we shall affirm the conviction.
 
 
 2
 * During the course of a federal investigation of political corruption in Eastern Kentucky, Mr. Fannin made the mistake of bragging repeatedly to undercover FBI agents about how he had staged a slip-and-fall accident at a local K-Mart store and recovered a substantial judgment against K-Mart in a Kentucky court. (The FBI surreptitiously tape recorded one of the incriminating conversations, and there is little room for doubt about what Mr. Fannin actually said.) The summons and complaint in Mr. Fannin's fraudulent suit were sent to K-Mart's registered agent in Louisville by U.S. Mail, a circumstance that led the U.S. Attorney's office to prosecute Mr. Fannin under the mail fraud statute.
 
 
 3
 On appeal Mr. Fannin argues that his conviction ought to be reversed because (1) his confession was not sufficiently corroborated to be trustworthy; (2) the Kentucky court judgment necessarily determined that there was no fraud, which determination ought to bind the federal courts pursuant to 28 U.S.C. Sec. 1738; and (3) he could not reasonably have anticipated that the mail would be used in perpetrating the fraud. We find none of these arguments persuasive.
 
 II
 
 4
 The United States Supreme Court has made it clear that a criminal conviction cannot be based on an extra-judicial confession without sufficient extrinsic evidence to establish the trustworthiness of the confession. Opper v. United States, 348 U.S. 84, 93 (1954). Corroboration, however, need not include independent proof of each element of the offense. As this circuit has held,
 
 
 5
 "[t]he purpose of corroboration is to ensure the reliability of the confession or admission of the accused. Thus, the requirement is only that there be extrinsic evidence corroborating the admission as a whole which, taken together with the admission, is sufficient to support a finding of guilt beyond a reasonable doubt. If there is extrinsic evidence tending to corroborate the confession, the confession as a whole is admissible, and some elements of the offense may be proven entirely on the basis of a corroborated confession." United States v. Trombley, 733 F.2d 35, 37-38 (6th Cir.1984) (citations omitted).
 
 
 6
 In the case at bar the government submitted ample extrinsic evidence to corroborate Mr. Fannin's confession: K-Mart employees corroborated virtually every detail of Mr. Fannin's "fall" short of seeing him turn his shopping cart over and lie down on the floor; the incriminating tape spoke for itself; one of the FBI agents testified that Mr. Fannin had recited the same story the day before the confession was recorded; and other witnesses testified as to the history of Mr. Fannin's negligence suit in the state courts. The evidence was more than sufficient to make the confession trustworthy.
 
 
 7
 Mr. Fannin fares no better with his 28 U.S.C. Sec. 1738 argument. That statute requires the federal courts to give a state court judgment the same preclusive effect it would be given by the state in which the judgment was rendered. Barnes v. McDowell, 848 F.2d 725, 730 (6th Cir.1988), cert. denied, 488 U.S. 1007 (1989). Mr. Fannin asserts that the Kentucky courts implicitly found that his fall was genuine, and that this finding ought to bind the federal courts. The United States was not a party to the action in the Kentucky courts, however, and had no opportunity to litigate the relevant issues there. Not having been a party to the civil action, the United States would not have been precluded from subsequently litigating the issue of fraud in a Kentucky court. Thus it was not precluded from litigating the issue in the federal court.
 
 
 8
 Mr. Fannin's third and final claim is that there was insufficient evidence to support the jury's finding that he knowingly made use of the mail to perpetrate the fraud. In order to prove scienter, however, the United States had to show only that it was reasonably foreseeable that the mail would be used in furtherance of the fraud. United States v. Henson, 848 F.2d 1374, 1380 (6th Cir.1988), cert. denied, 488 U.S. 1005 (1989). (Henson involved an odometer rollback scheme. Although the defendants in Henson never mailed anything and had no actual knowledge that their bank was mailing checks related to the scheme, the court found it reasonably foreseeable that the bank would mail the checks. That was enough.)
 
 
 9
 In the instant case it was readily foreseeable that the mail would be used to serve process on K-Mart. The use of the mail to notify a defendant of a lawsuit is common in both the state and federal courts. K-Mart's statutory agent might have been served by hand, to be sure, but Mr. Fannin had no reason to suppose that the more expensive method would be chosen over the less expensive one.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The Honorable Barbara Hackett, United States District Judge for the Eastern District of Michigan, sitting by designation